826 So.2d 1070 (2002)
James Michael HUGHES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1258.
District Court of Appeal of Florida, First District.
October 2, 2002.
*1071 Nancy Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant claims that he has suffered a violation of the ruling announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because points were added to his scoresheet based on factors that were determined by a judge rather than a jury, and because those points caused his sentence to exceed the statutory maximum for his offenses. The appellant is correct that the Supreme Court held in Apprendi that any fact, other than the fact of prior convictions, that is used to enhance a sentence beyond the prescribed statutory maximum must be submitted and proven to a jury beyond a reasonable doubt. However, the appellant's sentence was already final when Apprendi was decided. Because we hold that the rule of law announced in Apprendi does not apply retroactively to the appellant's sentence, we affirm.
On February 18, 1999, the appellant was found guilty after a jury trial of battery on a jail detainee by a detainee. The appellant's guidelines range provided for a sentence in excess of the 60-month statutory *1072 maximum after points were assessed for his prior criminal record, his legal status at the time of the offense, and the severe injury suffered by his victim. In accordance with his scoresheet and section 921.001(5), Florida Statutes (1997),[1] the trial court sentenced the appellant to 80.4 months in state prison. The appellant's conviction and sentence were affirmed on direct appeal, and mandate issued on December 29, 1999.
On June 26, 2000, the Supreme Court decided Apprendi. 530 U.S. at 466, 120 S.Ct. 2348. On March 7, 2001, the appellant filed the instant motion to correct illegal sentence in which he claims that the trial court's assessment of 4 legal status points and 40 severe victim injury points caused his sentence to exceed the statutory maximum in violation of Apprendi. The trial court summarily denied the motion, ruling that the defendant's sentence is authorized by Mays v. State, 717 So.2d 515 (Fla.1998), in which the Florida Supreme Court construed section 921.001(5), Florida Statutes, to permit a sentence in excess of the statutory maximum for an offense when the offender's scoresheet recommended an above-the-maximum sentence. The trial court also opined that the rule of law announced in Apprendi does not apply retroactively to convictions that occurred prior to June 26, 2000, the date Apprendi was decided. This timely appeal followed.
We note initially that rule 3.800(a) is an appropriate procedural vehicle for raising an Apprendi claim, since such a violation would produce a sentence in excess of constitutional and statutory maximums and would be apparent from the face of the record. See State v. Mancino, 714 So.2d 429 (Fla.1998). We find no merit in the appellant's claim that legal status points were assessed in violation of Apprendi because the appellant's conviction for battery on a jail detainee by a detainee necessarily required the jury to determine that the appellant was a detainee at the time of the offense, which is a legal status violation. See § 921.0011(3), Fla. Stat. (1997). Thus, the points which were added because of the appellant's legal status were found by a jury and do not violate Apprendi. However, the trial judge, not the jury, found that severe victim injury existed to support the assessment of 40 points. Because the addition of these victim injury points caused the appellant's sentence to exceed the statutory maximum, the addition of these points by the judge violates the rule announced in Apprendi. Contrary to the trial court's ruling that the appellant's sentence is authorized under Mays v. State, we conclude that the United States Supreme Court effectively overruled Mays as to scoring factors that are neither alleged in the information nor found by a jury beyond a reasonable doubt. Thus, the only remaining question is whether the rule in Apprendi applies retroactively to the appellant's sentence, which became final prior to the date Apprendi was decided.
In Florida, the state supreme court retains the authority to decide which changes in the law will be given retroactive effect to cases that are already final. See Witt v. State, 387 So.2d 922, 928 (Fla.1980). The doctrine of finality is abridged only when a more compelling objective appears, such as ensuring fairness and uniformity in individual adjudications. Id. at 925. Thus, a change in the law will not be considered retroactive unless the change:
*1073 (1) emanates from the state supreme court or the United States Supreme Court, (2) is constitutional in nature, and (3) constitutes a development of fundamental significance. Id. at 931. Apprendi satisfies the first two prongs of Witt in that it emanates from the United States Supreme Court and broadens the constitutional right to a jury trial in criminal cases. The remaining issue is whether the change of law created by Apprendi constitutes a development of fundamental significance.
A change of law that constitutes a development of fundamental significance will ordinarily fall into one of two categories: (a) a change of law which removes from the state the authority or power to regulate certain conduct or impose certain penalties, or (b) a change of law which is of sufficient magnitude to require retroactive application. Id. at 929. In contrast to changes of law that constitute developments of fundamental significance
are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments. To allow them that impact would ... destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
Id. at 929-930.
Because it is clear that the Apprendi ruling does not divest the state of the right to prohibit any conduct or the right to establish punishments for proscribed conduct, the pertinent inquiry is further narrowed to whether Apprendi announced a change of law that is of sufficient magnitude to require retroactive application. Such a determination is ascertained by performance of the three-part test set forth in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). The Stovall/Linkletter test requires an analysis of (i) the purpose to be served by the new rule; (ii) the extent of reliance on the old rule; and (iii) the effect that retroactive application of the rule will have on the administration of justice. See State v. Callaway, 658 So.2d 983, 987 (Fla.1995).
Turning to the first prong of the three-part test, we observe that Apprendi serves the purpose of ensuring that once a defendant is found guilty, that defendant may not receive a sentence higher than the statutory maximum unless those factors which are used to impose that above-the-maximum sentence are charged in the indictment and proven to the jury beyond a reasonable doubt. Although the Apprendi ruling implicates due process and equal protection concerns, it does not specifically operate to prevent any grievous injustices or disparities in sentencing between equally situated defendants. Rather, this change of law merely changes the procedure employed for determining the appropriate sentence. Cf. State v. Callaway, 658 So.2d 983, 987 (Fla.1995)(finding a change of law that prevented the consecutive stacking of already enhanced sentences was fundamentally significant and warranted retroactive application because equally situated defendants could suffer vast disparity in their ultimate sentences). While application of the rule in Apprendi removes some sentencing discretion from trial judges, the potential prejudices that might be suffered from an Apprendi violation are so varied that they do not implicate issues of fundamental fairness. Thus, although due process and equal protection concerns are inherent in the Apprendi ruling, *1074 the impact on these constitutional protections is not significant. Indeed, the plight of a defendant who is serving a sentence that was enhanced because of judge-decided factors is not necessarily any more severe than that of an equally-situated defendant whose sentence was enhanced based on jury-determined factors. In fact, it is conceivable that, if given the opportunity, a jury might find even more enhancing factors than would have been found by the judge. For example, where a judge may have found that a defendant's actions resulted in only moderate injury to the victim, a jury may find that the victim suffered severe injury. Under this very possible scenario, the defendant would have fared far better had he suffered the Apprendi violation.
We are further persuaded that the purpose of the rule announced in Apprendi does not implicate such due process and equal protection concerns as to require retroactivity because Apprendi still allows a judge to assess points for any guidelines factor so long as the resulting sentence is within the statutory maximum. See Isaac v. State, 826 So.2d 396 (Fla. 1st DCA 2002). Indeed, although the curtailment of the sentencing judge's discretion is historically significant, this curtailment has been relegated to a harmless error analysis in the federal courts. See United States v. Cotton, 535 U.S. 625, ___, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002). If an Apprendi violation can be harmless, it is difficult to logically conclude that the purpose behind the change of law in Apprendi is fundamentally significant. Thus, analysis of the Apprendi ruling under the first prong of the Stovall/Linkletter test does not weigh in favor of retroactivity.
The second consideration under the Stovall/Linkletter test is the extent to which the old rule has been relied upon by the courts. Apprendi affects the long-exercised freedom of trial courts to determine the existence of sentence-enhancing factors by a preponderance of the evidence. Thus, it is axiomatic that courts have relied on this freedom to a great extent and for a long time. Again, such historical reliance on the old rule does not weigh in favor of applying the new rule retroactively.
The third factor that must be weighed is the possible adverse effect on the administration of justice if the Apprendi decision is held to be retroactive. In this respect, the impact would be monumental. Each and every enhancement factor that was determined by a judge and which resulted in a sentence above the statutory maximum will either have to be stricken completely and the sentences recalculated without the factor (which in itself is a laborious process), or a jury will have to be empaneled to decide those factors. As the Fifth District observed in McCloud v. State, 803 So.2d 821, 827 (Fla. 5th DCA 2001):
(V)irtually every sentence involving a crime of violence that has been handed down in Florida for almost two decades has included a judicially-determined victim injury component to the guidelines score. Justice O'Connor's observation that the effect of Apprendi to guidelines sentencing would be "colossal" barely describes the cataclysm in Florida if such sentences are invalidated because the jury did not make the "victim injury" finding.
Thus, we find that the disruption to the administration of justice weighs against retroactivity.
Because we find that (1) the Apprendi ruling does not operate to prevent any individual miscarriages of justice, (2) the courts have long-enjoyed the freedom to find sentence-enhancing factors beyond a preponderance of the evidence, and (3) retroactive application of the rule would *1075 result in an administrative and judicial maelstrom of postconviction litigation, we hold that the decision announced in Apprendi is not of sufficient magnitude to be fundamentally significant, and thus, does not warrant retroactive status. Accordingly, we affirm the trial court's summary denial of the appellant's motion to correct illegal sentence. However, we recognize that the issue presented is one of great public importance and accordingly certify the following question to the supreme court:
DOES THE RULING ANNOUNCED IN APPRENDI v. NEW JERSEY, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), APPLY RETROACTIVELY?
AFFIRMED; QUESTION CERTIFIED.
ALLEN, C.J., WOLF and POLSTON, JJ., CONCUR.
NOTES
[1] Section 921.001(5), Florida Statutes (1997), provides in pertinent part: "If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure."