830 So.2d 902 (2002)
Henry I. WOOD, II, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2801.
District Court of Appeal of Florida, First District.
November 18, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
*903 POLSTON, J.
Appellant challenges an order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant claims that his sentence is illegal because the trial court did not give reasons for imposing a departure guideline sentence. However, the Florida Supreme Court has rejected "the contention that the failure to file written findings for a departure sentence constitutes an illegal sentence." Davis v. State, 661 So.2d 1193, 1196 (Fla.1995); Maddox v. State, 760 So.2d 89, 107-08 (Fla. 2000)("[W]e do not recede from our opinion in Davis that precluded consideration of this type of error under 3.800(a) as an illegal sentence to be considered at any time."). Therefore, Appellant's departure claim is not cognizable.
Appellant, citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), also claims that his sentence is illegal because the addition of victim-injury points caused his sentence to exceed the statutory maximum without submitting the facts of victim-injury to a jury. However, because Appellant's sentence was already final when Apprendi was decided, Apprendi does not apply. See Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002). We certify the same question certified in our opinion in Hughes.
AFFIRMED.
BOOTH and BROWNING, JJ., concur.