841 So.2d 576 (2003)
Jorge FIGAROLA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1039.
District Court of Appeal of Florida, Fourth District.
March 19, 2003.
Jorge Figarola, Arcadia, pro se.
Charlie Crist, Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant seeks review of the denial of his rule 3.800 motion to correct illegal sentence, which argued that the assessment of scoresheet points for sexual penetration, resulting in a sentence beyond the statutory maximum, violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The issue he raises is whether Apprendi applies retroactively on postconviction relief. In Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002), the court held that Apprendi did not apply retroactively to a similar claim being raised under rule 3.800.
The Hughes court analyzed for retroactivity based on the principles adopted by the Florida Supreme Court in Witt v. State, 387 So.2d 922 (Fla. 1980). We agree with the Hughes court's analysis that, under Witt, Apprendi is not retroactive.
Witt was based on the federal retroactivity decisions, Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The United States Supreme Court no longer uses the Linkletter-Stovall test. It narrowed the type of its decisions which would be retroactive in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d *577 334 (1989). The Teague court held that decisions would not be applied retroactively on collateral review unless: (1) the decision placed conduct beyond the power of the government to proscribe; or (2) the decision announced a "watershed" rule of constitutional criminal procedure such as the right to counsel. Id. at 311, 109 S.Ct. 1060.
State courts, however, are not required to follow federal law when deciding the retroactivity of their own decisions. Great No. Ry. Co. v. Sunburst Oil & Ref., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932). Florida continues to follow Witt. State v. Callaway, 658 So.2d 983 (Fla. 1995).[1]
All federal circuit courts of appeal deciding the issue have also concluded that Apprendi does not apply retroactively on collateral review.[2] In all probability the United States Supreme Court will agree with those decisions because of the narrow standard of retroactivity of Supreme Court decisions announced in Teague.[3]
We conclude that Apprendi would not be retroactive under Witt or Teague. We therefore affirm but certify as a question of great public importance the same issue certified by the Hughes court:
DOES THE RULING ANNOUNCED IN APPRENDI v. NEW JERSEY, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), APPLY RETROACTIVELY?
HAZOURI and MAY, JJ., concur.
NOTES
[1] Some states have adopted Teague without discussing the fact that Teague is not binding on state courts when they are determining if their own decisions are retroactive. Mary C. Hutton, Retroactivity in the States: The Impact of Teague v. Lane on State Postconviction Remedies, ALA L. REV. 421, 457 (Winter 1993). The Supreme Court's opinion in Teague reflected that court's narrowing view of the rule of federal habeas corpus. The policy considerations behind Teague are not necessarily the same as those for state court post-conviction relief. Id.
[2] See Sustache-Rivera v. United States, 221 F.3d 8 (1st Cir.2000); Forbes v. United States, 262 F.3d 143 (2d Cir.2001); In re Turner, 267 F.3d 225 (3d Cir.2001); United States v. Sanders, 247 F.3d 139 (4th Cir.2001); Talbott v. Indiana, 226 F.3d 866 (7th Cir.2000); United States v. Moss, 252 F.3d 993 (8th Cir.2001); Jones v. Smith, 231 F.3d 1227 (9th Cir.2000); Browning v. United States, 241 F.3d 1262 (10th Cir.2001); McCoy v. United States, 266 F.3d 1245 (11th Cir.2001).
[3] Apprendi was characterized as a procedural rule by the Supreme Court. 530 U.S. at 475 and 497. Since announcing Teague, the Supreme Court has not given retroactive effect to any decisions announcing new constitutional rules of criminal procedure. United States v. Mandanici, 205 F.3d 519 (2d Cir. 2000).