PER CURIAM.
We affirm in all respects the order summarily denying Mr. Padilla’s rule 3.800 motion to correct illegal sentence. However, one of his grounds for relief asserted that the assessment of 160 victim injury points for sexual penetration on his sentencing guideline scoresheet, resulting in a sentence of more than nineteen years for each of two second degree felonies, violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As to that ground, we again certify as a question of great public importance the same issue certified by Figarola v. State, 841 So.2d 576 (Fla. 4th DCA 2003), and *132 Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002):
DOES THE RULING ANNOUNCED IN APPRENDI v. NEW JERSEY, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), APPLY RETROACTIVELY?
GROSS, HAZOURI and MAY, JJ„ concur.