934 So.2d 7 (2006)
Willie Earl LUTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2956.
District Court of Appeal of Florida, Third District.
February 15, 2006.
Opinion Granting Clarification August 9, 2006.
Rehearing Denied August 9, 2006.
*8 Bennett H. Brummer, Public Defender, and Anthony C. Musto, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before COPE, C.J., and FLETCHER and CORTIÑAS, JJ.
COPE, C.J.
Willie Earl Luton appeals his convictions and sentences for the offenses of aggravated battery and attempted robbery with a deadly weapon. We affirm.
Defendant-appellant Luton contends that the trial court erred in admitting into evidence a pocket knife which was in the defendant's possession at the time of his arrest. We affirm on authority of Dias v. State, 812 So.2d 487, 493 (Fla. 4th DCA 2002); see also Thornton v. State, 767 So.2d 1286 (Fla. 5th DCA 2000); Council v. State, 691 So.2d 1192 (Fla. 4th DCA 1997). We affirm the denial of the motion for a new trial which was predicated on the theory that the knife had been erroneously admitted into evidence.
The defendant argues that the victim's in-court identification of the defendant was the product of leading questions. The defense acknowledges, however, that there were no objections to any of the questions which the State asked the victim. We reject the defendant's claim that the in-court identification constituted fundamental error.
*9 The defendant argues that his sentencing as a habitual violent felony offender (HVFO) must be set aside. The defendant contends that under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), certain of the facts which determine whether a defendant qualifies as an HVFO must be decided by a jury, rather than the trial court. The Blakely decision states, "`Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" 542 U.S. at 301, 124 S.Ct. 2531 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).
To qualify as an HVFO, the defendant must have previously been convicted of an enumerated felony. See § 775.084(1)(b)1., Fla. Stat. (2002).[1] The defendant acknowledges that under Blakely, the trial judge (rather than a jury) may determine whether the defendant has a prior conviction for a qualifying offense.
The defendant points out, however, that in determining whether a defendant qualifies as an HVFO, it must also be established that the defendant committed the current offense during, or within five years after completion of, the defendant's incarceration or supervision on the qualifying offense. See § 775.084(1)(b)2.a., b., Fla. Stat. (2002). The court must also determine that the defendant has not received a pardon on the ground of innocence for the qualifying offense, and that a conviction on the qualifying offense has not been set aside in any postconviction proceeding. See id. § 775.084(1)(b)3., 4.[2] The defendant argues that the just-mentioned findingsthe timing of the prior conviction in relation to the current offense, and the question whether the qualifying offense has been pardoned or set asideare facts that the jury must find and cannot be found by the trial judge. We reject the defendant's argument.
First, the defendant made no objection in the trial court that the jury, rather than the judge, must determine whether the defendant qualified as a HVFO. Since there was no timely objection to the trial court sitting as the trier of fact on the habitualization issue, the point is not properly preserved for appellate review. See McGregor v. State, 789 So.2d 976, 977 (Fla.2001).
Assuming arguendo that the point had been preserved for appellate review, it would be without merit. Under Blakely, the trial judge may determine "`the fact of a prior conviction....'" Blakely, 542 U.S. *10 at 301, 124 S.Ct. 2531. The defendant concedes that the trial judge may make the factual finding that the defendant has the qualifying prior offense or offenses for habitualization.
The determination that a prior conviction exists necessarily includes the question whether that conviction has been pardoned or set aside. The determination that a prior conviction exists also includes the relevant historical facts about the conviction: the date of the prior conviction, the sentence punishment imposed, and the date of the defendant's end of sentence or release from supervision. The Blakely decision does not require that such findings be made by the jury. See Tillman v. State, 900 So.2d 633 (Fla. 2d DCA 2005); Frumenti v. State, 885 So.2d 924 (Fla. 5th DCA 2004); see also Kepner v. State, 911 So.2d 1256 (Fla. 4th DCA 2005).
Affirmed.

On Motion for Rehearing or Clarification or Certification
COPE, C.J.
By motion for rehearing or clarification or certification, defendant-appellant Luton takes issue with that part of the opinion which indicates that the defendant's argument under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), was not properly preserved for appellate review. The defendant explains that after the appeal had been initiated, he filed a motion to correct sentencing error pending appeal under Florida Rule of Criminal Procedure 3.800(b)(2). In that motion he argued that he was entitled to a jury determination whether he qualified as a habitual violent felony offender ("HVFO"). The trial court denied the Rule 3.800(b)(2) motion and the defendant included the issue in his brief as one of the points on appeal.
We adhere to the view that the defendant did not timely raise this issue below. If a defendant believes that he is entitled to a jury trial on the question whether he qualifies for habitualization, logically he must raise that issue before, not after, the sentencing proceeding. The defendant neither requested a jury nor objected to the trial judge sitting as the trier of fact for purposes of habitual offender sentencing.
The defendant may be arguing that he could not have made a Blakely argument at the time of his sentencing because Blakely had not been decided at that time. The Blakely decision was announced after this appeal had commenced. That fact makes no difference. To raise the issue timely, and thus preserve the point for appellate review, the defendant needed to request a jury trial on sentencing, or object to the trial judge sitting as the trier of fact, prior to the sentencing hearing. As stated in an analogous case, "To benefit from the change in law, the defendant must have timely objected at trial if an objection was required to preserve the issue for appellate review." See Smith v. State, 598 So.2d 1063, 1066 (Fla.1992) (citation omitted).
Since the point was not timely raised in the trial court, it is not properly preserved for appellate review. See § 924.051(1)(b), (3), Fla. Stat. Accordingly, we grant clarification to the extent of this opinion, but deny rehearing and certification.
Clarification granted; rehearing and certification denied.
NOTES
[1] According to the information, the crime date was May 27, 2002.
[2] The statutory findings referred to by the defendant are:

2. The felony for which the defendant is to be sentenced was committed:
a. While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for an enumerated felony; or
b. Within 5 years of the date of the conviction of the last prior enumerated felony, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole, or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for an enumerated felony, whichever is later.
3. The defendant has not received a pardon on the ground of innocence for any crime that is necessary for the operation of this paragraph.
4. A conviction of a crime necessary to the operation of this paragraph has not been set aside in any postconviction proceeding.
Id. § 775.084(1)(b)2.