967 So.2d 948 (2007)
John THEOPHILE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-895.
District Court of Appeal of Florida, First District.
September 21, 2007.
Rehearing Denied November 15, 2007.
John Theophile, pro se, Appellant.
Bill McCollum, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
Appellant challenges the trial court's order denying his motion to correct illegal *949 sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Appellant's motion does not allege that the court's records demonstrate a clear entitlement to relief, we affirm.
Appellant was convicted of attempted robbery with a firearm and aggravated battery with a firearm and sentenced to consecutive 25-year sentences as an habitual felony offender. He asserts that his sentence is illegal because the offenses constituted a single criminal episode. If true, Appellant's consecutive habitual offender sentences would be in violation of Hale v. State, 630 So.2d 521 (Fla.1993). The trial court denied relief because Appellant relied on hearsay information and also failed to "point to any nonhearsay portion of the record to support his claim that his offenses arose in the same criminal episode."
As we recently held in Lauramore v. State, 949 So.2d 307 (Fla. 1st DCA 2007), a person asserting a double jeopardy violation under Hale is required to allege with particularity both the non-hearsay record documents that show an error on the face of the record, and "how and where" the record demonstrates the consecutive sentences were based on a single criminal episode. Id. at 308 (citing Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998)). It is well established that a facially sufficient Hale claim cannot be based on a police report or any other type of hearsay information that is not subject to cross examination. See Burgess v. State, 831 So.2d 137, 142 (Fla.2002) (affirming that a Hale claim is not cognizable under rule 3.800 when based on hearsay information contained in a police report); Harris v. State, 875 So.2d 735, 736 (Fla. 2d DCA 2004) (holding that a facially sufficient claim of Hale violation cannot be established by charging document or "extra-record" facts).
We recognize that in Valdes v. State, this court held that it can consider a claimed Hale violation under rule 3.800 based on facts established in a prior direct appeal opinion. 765 So.2d 774 (Fla. 1st DCA 2000). Here, however, we do not have the benefit of any facts noted in a previous direct appeal; furthermore, Appellant has failed to allege the specific facts on which his claim relies. Relief under rule 3.800(a) is precluded where an evidentiary determination is required. Burgess, 831 So.2d at 140. For this reason, Appellant could not demonstrate entitlement to relief under rule 3.800(a) without citing to facts established in the trial transcript or otherwise apparent on the face of the record. See Jackson v. State, 803 So.2d 842 (Fla. 1st DCA 2001) (holding that a Hale claim under rule 3.800(a) requires more than a general allegation, and claim must cite to facts based on court records that demonstrate on their face an entitlement to relief); Pullins v. State, 777 So.2d 451 (Fla. 1st DCA 2001) (affirming trial court's denial of Hale claim where 3.800(a) motion failed to point to record facts demonstrating crimes were committed in a single episode). We therefore affirm, without prejudice to Appellant's ability to file a properly pled rule 3.800(a) motion in the trial court.
We note that Appellant previously sought relief in 2000, also asserting a claim under rule 3.800(a), Florida Rules of Criminal Procedure. There, Appellant only cited legal authorities and sought an evidentiary hearing, but failed to support his claim with facts apparent on the face of the record. That claim was denied as untimely, based on Dixon v. State, 730 So.2d 265 (Fla.1999) (holding that all such motions must be filed by August 16, 1997). Although our affirmance is without prejudice, we note that continuous filings that are deemed insufficient in nature can potentially subject Appellant to "vexatious *950 litigant" sanctions under section 68.093(2)(d), Florida Statutes (2006), or other sanctions available under section 57.105(1), Florida Statutes (2006).
AFFIRMED.
HAWKES, J., concurs; BENTON, J., concurs in result.