# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2218
Lower Tribunal No. F09-22970
_____

**Julio Acosta,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Julio Acosta, in proper person.

James Uthmeier, Attorney General, and David Llanes Assistant Attorney General, for appellee.

Before LINDSEY, BOKOR and GOODEN, JJ.

PER CURIAM.

Affirmed. See Ford v. State, 402 So. 3d 973, 981 (Fla. 2025) ("Erlinger was a direct-appeal case—not a postconviction case like Ford's—and it involved required jury findings regarding an element. Based on these fundamental distinctions, it is clear that Erlinger provides no support for vacating Ford's death sentences."); State v. Johnson, 122 So. 3d 856, 866 (Fla. 2013) (analyzing the relevant test for applying a constitutional rule retroactively and concluding that "the new constitutional rule announced in Blakely does not apply retroactively to sentences or resentences that were final when it issued"); Hughes v. State, 901 So. 2d 837, 848 (Fla. 2005) (concluding Apprendi does not apply retroactively); Figarola v. State, 841 So. 2d 576, 577 n.3 (Fla. 4th DCA 2003) ("Apprendi was characterized as a procedural rule by the Supreme Court. Since announcing Teague, the Supreme Court has not given retroactive effect to any decisions announcing new constitutional rules of criminal procedure." (internal citation omitted)); Luton v. State, 934 So. 2d 7, 10 (Fla. 3d DCA 2006) ("To raise the issue timely, and thus preserve the point for appellate review, the defendant needed to request a jury trial on sentencing, or object to the trial judge sitting as the trier of fact, prior to the sentencing hearing."); see also Theophile v. State, 967 So. 2d 948, 949 (Fla. 1st DCA 2007) ("Relief under rule 3.800(a) is precluded where an evidentiary determination is required. For this reason,

2

Appellant could not demonstrate entitlement to relief under rule 3.800(a) without citing to facts established in the trial transcript or otherwise apparent on the face of the record." (internal citation omitted)); <u>Plott v. State</u>, 148 So. 3d 90, 94 (Fla. 2014) ("A claim of error under <u>Apprendi</u> and <u>Blakely</u> is subject to a harmless error analysis.").