# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0396
Lower Tribunal No. F08-43801
_____

**Timothy Lewis,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Timothy Lewis, in proper person.

James Uthmeier, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER, and GOODEN, JJ.

PER CURIAM.

Affirmed. See Ford v. State, 402 So. 3d 973, 981 (Fla. 2025) ("Erlinger was a direct-appeal case—not a postconviction case like Ford's—and it involved required jury findings regarding an element. Based on these fundamental distinctions, it is clear that Erlinger provides no support for vacating Ford's death sentences."); Tanzi v. State, 407 So. 3d 385, 394–95 (Fla. 2025) (finding postconviction review of defendant's sentence based on Erlinger was improper); Figarola v. State, 841 So. 2d 576, 577 n.3 (Fla. 4th DCA 2003) (citation omitted) ("Apprendi was characterized as a procedural rule by the Supreme Court. Since announcing Teague, the Supreme Court has not given retroactive effect to any decisions announcing new constitutional rules of criminal procedure."); Harris v. United States, 536 U.S. 545, 581 (2002) (Thomas, J., dissenting) ("No Court of Appeals, let alone [the Supreme Court], has held that Apprendi has retroactive effect."); Schriro v. Summerlin, 542 U.S. 348, 358 (2004) ("Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review."); Witt v. State, 387 So. 2d 922, 926 (Fla. 1980) ("[T]he essential considerations in determining whether a new rule of law should be applied retroactively are essentially three: (a) the purpose to be served by the new rule; (b) the extent of reliance on the old rule; and (c) the effect on the administration of justice of a retroactive application of the new rule."); Hughes v. State, 901 So. 2d

2

837, 847–48 (Fla. 2005) (concluding <u>Apprendi</u> does not apply retroactively); <u>Luton v. State</u>, 934 So. 2d 7, 9 (Fla. 3d DCA 2006) (noting defendant did not object that jury, not judge, must determine his HVFO qualifications and therefore issue was not preserved); Fla. R. Crim. P. 3.800(a)(1) ("A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ."); <u>Jackson v. State</u>, 803 So. 2d 842, 844 (Fla. 1st DCA 2001) (quotations and alterations omitted) ("To raise an illegal sentence claim under Rule 3.800(a), 1) the error must have resulted in an illegal sentence, 2) the error must appear on the face of the record, and 3) the motion must affirmatively allege that the court records demonstrate on their face an entitlement to relief."); <u>see, e.g.</u>, <u>Theophile v. State</u>, 967 So. 2d 948, 949 (Fla. 1st DCA 2007) (citation omitted) ("Relief under rule 3.800(a) is precluded where an evidentiary determination is required. For this reason, Appellant could not demonstrate entitlement to relief under rule 3.800(a) without citing to facts established in the trial transcript or otherwise apparent on the face of the record."); <u>see also</u> <u>Plott v. State</u>, 148 So. 3d 90, 94 (Fla. 2014) ("A claim of error under <u>Apprendi</u> and <u>Blakely</u> is subject to a harmless error analysis.").