# Third District Court of Appeal
## State of Florida

Opinion filed July 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0654
Lower Tribunal No. F00-17269
_____

**Pedro Pablo Del Sol,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Pedro Pablo Del Sol, in proper person.

James Uthmeier, Attorney General, and Daniel Colemenares, Assistant Attorney General, for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

PER CURIAM.

ON MOTION FOR CLARIFICATION

The State moves for clarification of this court's opinion dated June 18, 2025. We deny the motion for clarification but substitute the following opinion.

Affirmed. See Wainwright v. State, No. SC25-0708, 2025 WL 1561151, at *6 (Fla. June 3, 2025), cert. denied sub nom. Wainwright v. Florida, No. 24-7365, 2025 WL 1621505 (U.S. June 9, 2025) (concluding that Erlinger does not apply retroactively); Ford v. State, 402 So. 3d 973, 981 (Fla. 2025) ("Erlinger was a direct-appeal case—not a postconviction case like Ford's—and it involved required jury findings regarding an element. Based on these fundamental distinctions, it is clear that Erlinger provides no support for vacating Ford's death sentences."); State v. Johnson, 122 So. 3d 856, 866 (Fla. 2013) (analyzing the relevant test for applying a constitutional rule retroactively and concluding that "the new constitutional rule announced in Blakely does not apply retroactively to sentences or resentences that were final when it issued"); Hughes v. State, 901 So. 2d 837, 848 (Fla. 2005) (concluding Apprendi does not apply retroactively); Figarola v. State, 841 So. 2d 576, 577 n.3 (Fla. 4th DCA 2003) ("Apprendi was characterized as a procedural rule by the Supreme Court. Since announcing Teague, the Supreme Court has not given retroactive effect to any decisions announcing

2

new constitutional rules of criminal procedure." (internal citation omitted));

Luton v. State, 934 So. 2d 7, 10 (Fla. 3d DCA 2006) ("To raise the issue timely, and thus preserve the point for appellate review, the defendant needed to request a jury trial on sentencing, or object to the trial judge sitting as the trier of fact, prior to the sentencing hearing."); see also Theophile v. State, 967 So. 2d 948, 949 (Fla. 1st DCA 2007) ("Relief under rule 3.800(a) is precluded where an evidentiary determination is required. For this reason, Appellant could not demonstrate entitlement to relief under rule 3.800(a) without citing to facts established in the trial transcript or otherwise apparent on the face of the record." (internal citation omitted)); Plott v. State, 148 So. 3d 90, 94 (Fla. 2014) ("A claim of error under Apprendi and Blakely is subject to a harmless error analysis.").