# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0069
Lower Tribunal No. F06-24000B
_____

**Wade Pounds,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jason Edward Bloch, Judge.

Wade Pounds, in proper person.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ, and MILLER, JJ.

PER CURIAM.

Affirmed.  See Ford v. State, 402 So. 3d 973, 981 (Fla. 2025) ("Erlinger was a direct-appeal case—not a postconviction case like Ford's—and it involved required jury findings regarding an element.  Based on these fundamental distinctions, it is clear that Erlinger provides no support for vacating Ford's death sentences."); Tanzi v. State, 407 So. 3d 385, 394–95 (Fla. 2025) (finding postconviction review of defendant's sentence based on Erlinger was improper); Wainwright v. State, No. SC2025-0708, 2025 WL 1561151, at *5 (Fla. June 3, 2025) ("We reject Wainwright's argument because even if Erlinger constitutes a change of law, it does not apply retroactively."), cert. denied sub nom. Wainwright v. Florida, No. 24-7365, 2025 WL 1621505 (U.S. June 9, 2025); Figarola v. State, 841 So. 2d 576, 577 n.3 (Fla. 4th DCA 2003) (citation omitted) ("Apprendi was characterized as a procedural rule by the Supreme Court.  Since announcing Teague, the Supreme Court has not given retroactive effect to any decisions announcing new constitutional rules of criminal procedure."); Harris v. United States, 536 U.S. 545, 581 (2002) (Thomas, J., dissenting) ("No Court of Appeals, let alone [the Supreme Court], has held that Apprendi has retroactive effect."); Schriro v. Summerlin, 542 U.S. 348, 358 (2004) ("Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review."); Witt v. State, 387 So. 2d 922, 926 (Fla. 1980) ("[T]he

essential considerations in determining whether a new rule of law should be applied retroactively are essentially three: (a) the purpose to be served by the new rule; (b) the extent of reliance on the old rule; and (c) the effect on the administration of justice of a retroactive application of the new rule."); Hughes v. State, 901 So. 2d 837, 847–48 (Fla. 2005) (concluding Apprendi does not apply retroactively); Luton v. State, 934 So. 2d 7, 9 (Fla. 3d DCA 2006) (noting defendant did not object that jury, not judge, must determine his HVFO qualifications and therefore issue was not preserved); see also Plott v. State, 148 So. 3d 90, 94 (Fla. 2014) ("A claim of error under Apprendi and Blakely is subject to a harmless error analysis.").