VILLANTI, Judge.
William Plott challenges the trial court’s order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of relief on grounds two through five and ground seven without comment. We also affirm the denial of relief as to ground six because the testimony presented at the evidentiary hearing on this ground was sufficient to establish that Plott’s trial counsel was not ineffective as alleged. However, because the allegations in ground one of Plott’s motion were facially sufficient and not procedurally barred, we reverse and remand for an evidentiary hearing on that ground.
In 1997, Plott was convicted of one count of aggravated assault with a firearm and four counts of armed sexual battery. On direct appeal from that conviction, Plott’s counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Plott filed a pro se brief arguing that the trial court erred by not holding an evidentiary hearing on his motion to suppress the victim’s identification of Plott as her assailant. This court affirmed Plott’s convictions and sentences without opinion. Plott v. State, 731 So.2d 1285 (Fla. 2d DCA 1999) (table).
After mandate issued from this court, Plott filed his rule 3.850 motion raising seven grounds for relief. In ground one of the motion, Plott alleged that his trial counsel, Mr. Schaefer, was ineffective for fading to adequately prepare for the hearing on the motion to suppress. Plott’s motion alleged that the victim gave an affidavit which read in part:
On September 17th Det. Ribuchuk contacted me to set an apt. [sic] to look at pictures of suspects, we made an apt. [sic] for the 18th @ 8:30 am. On the morning of the 18th as I was reading the newspaper and read a report of a man being arrested in a separate charge and noticed many similarities to my case— for instance his name being William and an alias of Jason — and my attacker has referred to himself as ‘Willie” at one point — and then at another time as Jason — and the fact that he had used a knife on his victim when I got out of his Jeep at my hotel I. had observed a knife beside my seat on the floor — a very long bladed one that looked to be a filet knife — [a]nyway when shown the group of six photos, I was positive photo # 6 was my attacker and identified him as such....
Based on the contents of this affidavit, Mr. Schaefer filed a motion to suppress the *612 victim’s identification of Plott on the ground that the identification was tainted because the victim had seen the article and Plott’s photo in the newspaper before she made the identification. In anticipation of the hearing on this motion, Mr. Schaefer obtained the September 18,1996, edition of the Bradenton Herald. However, despite the fact that Plott’s photo had also appeared in the September 16 and 17 editions of the Bradenton Herald, Mr. Schae-fer did not obtain these newspapers.
According to Plott’s rule 3.850 motion, immediately before the hearing on the motion to suppress, Mr. Schaefer noticed for the first time that the victim’s affidavit was dated and notarized on September 17 rather than September 18. Therefore, if the notary stamp was correct, the victim’s affidavit was incorrect as to the date she saw the article and photo. Thus, if the remainder of the affidavit was correct, the victim would have seen the article and Plott’s photo in either the September 16 or 17 editions of the Bradenton Herald.
When Mr. Schaefer brought this discrepancy to the court’s attention before the start of the hearing, the State told the trial court that, contrary to the substance of the victim’s affidavit, she had identified Plott on September 17, the date of the notary stamp. The State argued that this fact made the article and photo in the September 18 paper irrelevant. In response, Mr. Schaefer pointed out that the victim could have seen the photo on either September 16 or 17. However, when Mr. Schaefer could produce nothing to show that Plott’s photo was in any paper other than the September 18 edition, the trial court denied the motion to suppress without hearing any evidence. In his rule 3.850 motion, Plott argued that Mr. Schae-fer was ineffective for failing to obtain all of the newspaper articles and for failing to bring them to the hearing.
In summarily denying relief on this ground, the trial court held that this issue was procedurally barred because it was raised on direct appeal. See Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995) (holding that claims raised on direct appeal are procedurally barred from consideration in a rule 3.850 motion). However, the issue raised on direct appeal was the trial court’s failure to hold an evidentiary hearing, not counsel’s failure to prepare for the hearing. Therefore, contrary to the trial court’s ruling, this issue was not raised on direct appeal and is not procedurally barred.
In support of the trial court’s ruling, the State argues that Plott’s motion was facially insufficient because he submitted no proof of his claim that his picture was in the September 16 and 17 editions of the Bradenton Herald. However, Plott is not required to submit proof of his claim with his rule 3.850 motion. Rather, Plott must simply make facially sufficient factual allegations, which he did in this ground.
Because the issue raised in ground one is not procedurally barred and because Plott’s allegations in that ground are facially sufficient, we reverse and remand for an evidentiary hearing on that ground only. We affirm the trial court’s order in all other respects.
Affirmed in part; reversed in part and remanded for an evidentiary hearing.
CASANUEVA, J., and THREADGILL, EDWARD F., Senior Judge, concur.