ALTENBERND, Judge.
William J. Plott appeals the order denying his motion to correct an illegal sentence. Mr. Plott maintains that he was entitled to a jury trial in 2005 to determine the factual grounds for his resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000), because it resulted in an upward departure sentence of life imprisonment. Despite the discussion in State v. Fleming, 61 So.3d 399 (Fla.2011), which arguably supports his position on this issue, we conclude that Mr. Plott is not entitled to raise this issue under Florida Rule of Criminal Procedure 3.800(a).
Mr. Plott is serving four life sentences for sexual batteries committed in July 1996. A jury convicted him of these offenses in November 1997. The trial court initially sentenced Mr. Plott to life imprisonment for these offenses under the 1995 guidelines. We affirmed the direct appeal of his judgments and sentences in 1999. See Plott v. State, 731 So.2d 1285 (Fla. 2d DCA 1999) (table decision).[1] In 2000, the supreme court held that the 1995 guidelines were unconstitutional. See Heggs, 759 So.2d 620. Thus, Mr. Plott was resen-tenced for these offenses in 2005.
By the time of the resentencing, the United States Supreme Court had issued its opinions in both Apprendi[2] and Blakely.[3] The trial judge and the lawyers at the resentencing discussed the effect of these decisions, and the trial court concluded that it could provide grounds for an upward departure sentence without empaneling a new jury. Without conducting a new hearing, the trial court determined from the testimony at the initial trial that the offenses were committed in a manner that was especially heinous, atrocious, or cruel. This ground would authorize an upward departure. See § 921.0016(3)(b), Fla. Stat. (1993). The trial court reimposed the four life sentences as upward departure sen *518 tences. Our record strongly suggests that an authorized finder of fact could have concluded that these offenses were especially cruel from this testimony.
Mr. Plott appealed the sentences imposed on resentencing. We affirmed the new sentences. See Plott v. State, 940 So.2d 432 (Fla. 2d DCA 2006) (table decision). In his appeal of the resentencing, he did not argue that the trial court erred by refusing to conduct a jury trial to determine the factual basis for the upward departure. It is noteworthy that the issue of whether a jury was required in this context was a hotly debated issue at that time. See Fleming, 61 So.3d at 404-05.
After this court affirmed his sentences, Mr. Plott did not file another postconviction motion until September 2010, when he filed this motion claiming that his life sentences are illegal. The trial court denied this motion in November 2010, reasoning that the offenses permit sentences of this length and that a procedural error in the imposition of an upward departure sentence is not treated as a ground for relief under rule 3.800(a).
When Mr. Plott appealed the order denying his motion, this court stayed the appeal pending the outcome of a case that was then pending in the supreme court. See Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), review granted, 4 So.3d 677 (Fla.2009), review dismissed, 66 So.3d 912 (Fla.2011). In Isaac, the First District had reversed the summary denial of a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850 that raised an Apprendi issue similar to the issue that is raised in this case. See Isaac, 911 So.2d at 814-15.
Isaac presented an issue that was similar but not identical to the issue resolved by the supreme court in Fleming, 61 So.3d at 400. In Fleming, the issue was whether the defendant was entitled to relief if the Heggs resentencing occurred after Ap-prendi and the issue was preserved and raised on direct appeal. The supreme court held that Apprendi applied to such a re-sentencing and remanded the case to the First District to determine if the error had been harmless. Id. at 408-09. Thereafter, the Florida Supreme Court dismissed the proceeding in Isaac,[4] concluding that it had resolved the issue in conflict by its decision in Fleming. However, in terms of procedural context and the various rights attendant to litigants, Isaac, an appeal of a rule 3.850 motion, is significantly different from Fleming, which addressed direct appeals after resentencing.
Without regard to whether the holding in Fleming may apply in the context of a motion under rule 3.850, an issue that we do not reach today, we are unconvinced that Fleming requires this court to treat these life sentences as illegal sentences subject to correction under rule 3.800(a). The Florida Supreme Court has held that Apprendi errors are not fundamental and must be preserved for appellate review. See Hughes v. State, 901 So.2d 837, 845 (Fla.2005); McGregor v. State, 789 So.2d 976, 977 (Fla.2001). It has long been the law that procedural errors in sentencing that could have been preserved and raised in direct appeal are not grounds for relief under rule 3.800(a). See Jackson v. State, 29 So.3d 1152, 1154 (Fla. 2d DCA 2010) (holding that a claim that the trial court erroneously imposed an upward departure sentence without written reasons is not cognizable under rule 3.800(a)); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (en banc) (“Rule 3.800(a) .... is not a vehicle designed to re-examine whether the procedure em *519 ployed to impose the punishment comported with statutory law and due process.”), approved by Bover v. State, 797 So.2d 1246, 1251 (Fla.2001); Ives v. State, 993 So.2d 117, 120 (Fla. 4th DCA 2008) (holding that a mere deficiency in the procedure employed to impose an enhanced sentence does not in and of itself result in an illegal sentence). Here, the error was a procedural error in sentencing that could have been preserved and raised on direct appeal. Thus, it was not cognizable under rule 3.800(a).
Affirmed.
KHOUZAM and MORRIS, JJ., Concur.

.Mr. Plott filed a postconviction proceeding prior to the decision in Heggs, which is not relevant to our discussion in this case. See Plott v. State, 846 So.2d 610 (Fla. 2d DCA 2003).

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

. Review dismissed, 66 So.3d 912 (Fla.2011).