PER CURIAM.
Appellant seeks review of the denial of his rule 3.800(a) motion in which he claimed that his upward departure sentence is illegal under Apprendi[1] and Blakely.[2] In denying the motion, the trial court determined that Appellant’s sentence is legal because the Apprendi/Blakely violation was harmless under Galindez v. State, 955 So.2d 517 (Fla.2007).
Appellant contends that the trial court’s disposition of the motion exceeds this court’s mandate in Morrow v. State, 972 So.2d 202 (Fla. 1st DCA 2006), and that the record excerpts attached to the trial court’s order do not conclusively show that he is entitled to no relief.[3] We find no merit in the first point, but we agree that reversal is required on the second point.
In this case, without the entire trial transcript, we are unable to meaningfully review the trial court’s determination that the Apprendi/Blakely violation was harmless. See generally Steward v. State, 619 So.2d 394, 397 (Fla. 1st DCA 1993) (noting that, in most cases, a court must review the entire trial transcript when undertaking a harmless error analysis); see also Mitchell v. State, — So.3d — (Fla. 1st DCA 2012) (reversing an order denying a rule 3.800(a) motion because the record was insufficient for this court to conduct a harmless error analysis under Galindez). But cf. Plott v. State, 86 So.3d 516 (Fla. 2d DCA 2012) (holding that a claim similar to that raised by Appellant in this case is not cognizable in a rule 3.800(a) motion). *1227 Accordingly, pursuant to rule 9.141(b)(2)(D), we reverse the order on appeal and remand for the trial court to attach the entire trial transcript to its order.
REVERSED and REMANDED with directions.
CLARK, WETHERELL, and MAKAR, JJ., concur.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

.Appellant raises two other issues, but we need not reach those issues based on our disposition of this appeal.