# Supreme Court of Florida

_____

No. SC12-922
_____

**WILLIAM J. PLOTT,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[September 18, 2014]

QUINCE, J.

William Plott seeks review of the decision of the Second District Court of Appeal in Plott v. State, 86 So. 3d 516 (Fla. 2d DCA 2012), on the ground that it expressly and directly conflicts with a decision of this Court in State v. Fleming, 61 So. 3d 399 (Fla. 2011), and the First District Court of Appeal in Hughes v. State, 826 So. 2d 1070 (Fla. 1st DCA 2002), approved on other grounds, 901 So. 2d 837 (Fla. 2005), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

The question before us is whether a motion brought under Florida Rule of Criminal Procedure 3.800(a) is an appropriate vehicle to attack a defendant's

upward departure sentence under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  We conclude that a claim of error under <u>Apprendi</u> and <u>Blakely</u> is cognizable in a rule 3.800(a) motion.  Accordingly, we quash the Second District's decision in <u>Plott</u> and approve the First District's decision in <u>Hughes</u>.  We remand to the Second District for the application of a harmless error analysis under <u>Galindez v. State</u>, 955 So. 2d 517 (Fla. 2007), and, if it is determined not to be harmless, to remand the case for resentencing.

### FACTS AND PROCEDURAL HISTORY

In November 1997, a jury convicted Plott of four counts of armed sexual battery, and the trial court imposed four life sentences pursuant to the 1995 sentencing guidelines.  <u>Plott</u>, 86 So. 3d at 517.[1]  The trial court's judgment was affirmed on direct appeal.  <u>See</u> <u>Plott v. State</u>, 731 So. 2d 1285 (Fla. 2d DCA 1999) (table).  In May 2005, Plott was resentenced pursuant to <u>Heggs v. State</u>, 759 So. 2d 620 (Fla. 2000).[2]  At the resentencing hearing, the State requested an upward departure sentence of life imprisonment on the armed sexual battery convictions because the victim was treated in an unnecessarily cruel fashion.  Without

_____

1.  Plott was also sentenced to five years in prison on an aggravated assault with a firearm conviction.  <u>Plott v. State</u>, 846 So. 2d 610, 611 (Fla. 2d DCA 2003).

2.  In <u>Heggs</u>, we held that the 1995 amendments to the 1994 sentencing guidelines were unconstitutional.  <u>Id.</u> at 627.

- 2 -

empaneling a jury, the circuit court reimposed the four life sentences as upward departure sentences.[3] In support of the upward departures, the circuit court made findings in open court while referring to specific portions of the trial testimony transcript:

> [T]he defendant and his conduct and acts in this case established that the crimes were committed in an extraordinary cruel, egregious, vicious, and wicked manner; that the conduct went beyond that of ordinary sexual battery.
>
> That particularly establishing the criteria under the Weekley [v. State, 584 So. 2d 78 (Fla. 3d DCA 1991)[4]] case, the Court finds that the defendant, after picking up the victim, showed her a gun and threatened her. At the first location he punched her in the face with his fist so hard that it knocked her out of the Jeep to the ground. He continued to hit her. I find that in trial testimony pages 38, 39, and 90.
>
> In addition, he pressed his forearm to the throat where she could not breathe and was seeing stars; that is found at trial testimony page 40.
>
> He committed extremely rough anal sex on her the first time; that's found at trial testimony page 44. He then drove her to another area and . . . had her commit oral sex upon him, in a rough and threatening manner; at trial testimony 45 to 49.

---

3. Plott was again sentenced to five years' imprisonment on the aggravated assault with a firearm conviction.

4. In Weekley, the Third District Court of Appeal found—as a valid reason for an upward departure sentence—that the actions on the part of the defendant were "so extraordinary, cruel, egregious, vicious, and wicked that they went beyond the ordinary sexual battery, kidnapping, or aggravated battery case." Id. at 80.

- 3 -

At the second location he again anally and vaginally raped her. He hit her in the head again, even though she had asked him to please not hurt her or hit her again. That's in trial testimony pages 50 to 53.

After committing those sexual batteries, again he straddled her in the vehicle, yanked her head back, placed the gun in her mouth to the point where she was gagging; that's found at trial testimony page 55 and 59. He in addition threatened her with a knife, at trial testimony page 88 and 89.

I find that in and of itself to be a sufficient basis for an upward departure and ask that the State attorney transcribe these findings and attach them to the sentencing guidelines.

Plott's counsel "did not argue [at the resentencing proceeding] that the trial court erred by refusing to conduct a jury trial to determine the factual basis for the upward departure," even though the issue of whether a jury was required was "hotly debated" at the time. Plott, 86 So. 3d at 518. However, Plott's counsel expressed to the circuit court that there is "recent case law on enhancement of penalties that the U.S. Supreme Court has [said that] it's supposed to be a jury determination on certain issues." The Second District affirmed Plott's four life sentences that were imposed on resentencing. See Plott v. State, 940 So. 2d 432 (Fla. 2d DCA 2006) (table).

In September 2010, Plott, pro se, filed the instant motion to correct illegal sentence under rule 3.800(a), claiming that under Apprendi and Blakely he was entitled to a jury trial at his resentencing for the determination of the factual grounds since it resulted in an upward departure sentence. Plott, 86 So. 3d at 517.

- 4 -

Plott asked the circuit court to vacate his sentence and resentence him to a valid guidelines sentence. Plott maintained that under the 1994 sentencing guidelines, the maximum sentence he could have received on resentencing was 22.06 years. Finding that Plott's sentences were within their statutory maximums, the circuit court denied Plott's claim and ultimately denied the rule 3.800(a) motion.[5] Id.[6]

Plott appealed the circuit court's order denying his rule 3.800(a) motion. Id. The Second District found that the claim of Apprendi error was a procedural error in sentencing that could have been preserved and raised on direct appeal, and therefore, it was not a ground for relief under rule 3.800(a). Id. at 519. Because the error was not cognizable under rule 3.800(a), the Second District affirmed the circuit court's denial of relief. Id.

**ANALYSIS**

The question before the Court is whether a rule 3.800(a) motion is a proper vehicle to attack an upward departure sentence—which was imposed at resentencing—based on a claim of error under Apprendi and Blakely. Because this

---

5. The circuit court also rejected Plott's argument—which is not raised in this Court—that his sentences were illegal because the court failed to attach written findings justifying the upward departures.

6. The resentencing hearing transcript was attached to the circuit court's order.

is a pure question of law, this Court's review is de novo.  Keck v. Eminisor, 104

So. 3d 359, 366 (Fla. 2012).

> Florida Rule of Criminal Procedure 3.800(a) states in pertinent part:
>
> **(a) Correction**.  A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) ["Motion Before Appeal"] or during the pendency of a direct appeal.

Fla. R. Crim. P. 3.800(a).  Rule 3.800 allows defendants to petition "the courts to

correct sentencing errors that may be identified on the face of the record."

Williams v. State, 957 So. 2d 600, 602 (Fla. 2007).  The intent of rule 3.800(a) is

"to balance the need for finality of convictions and sentences with the goal of

ensuring that criminal defendants do not serve sentences imposed contrary to the

requirements of law."  Carter v. State, 786 So. 2d 1173, 1176-78 (Fla. 2001).

"Since 1968, our procedural rules have provided for the correction of illegal

sentences."  Id. at 1176.  An "illegal sentence" is undefined in rule 3.800.  This

Court has "generally defined an 'illegal sentence' as one that imposes a

punishment or penalty that no judge under the entire body of sentencing statutes

and laws could impose under any set of factual circumstances."  Williams, 957 So.

2d at 602 (quoting Carter, 786 So. 2d at 1181).

"[T]he definition of 'illegal sentence' as interpreted by case law has narrowed significantly since that term was used in the 1960s and 1970s." Carter, 786 So. 2d at 1176. In Davis v. State, 661 So. 2d 1193 (Fla. 1995), this Court defined an "illegal sentence" as "one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines." Id. at 1196. We later rejected the contention that Davis mandates that only those sentences that facially exceed the statutory maximums may be challenged as illegal under rule 3.800(a). State v. Mancino, 714 So. 2d 429, 433 (Fla. 1998). Instead, "[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition 'illegal.' " Id. In Hopping v. State, 708 So. 2d 263 (Fla. 1998), we found that the defendant's sentence increased upon resentencing in violation of the double jeopardy clause. Id. at 265. We announced that "where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal and can be reached at any time under rule 3.800." Id. "[I]mplicitly, if not expressly, [we] receded from Davis in Mancino and Hopping to the extent that Davis could be read to limit challenges under rule 3.800(a) to only those sentences that exceed the statutory maximum." Carter, 786 So. 2d at 1177.

**The Holdings of <u>Apprendi</u> and <u>Blakely</u>**

In 2000, the Supreme Court in <u>Apprendi</u> held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In 2004, the <u>Blakely</u> Court held:

> Our precedents make clear . . . that the "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

542 U.S. at 303-04 (citations omitted). <u>Apprendi</u> and <u>Blakely</u> "apply to all resentencing proceedings held after they issued." <u>Fleming</u>, 61 So. 3d at 405. A claim of error under <u>Apprendi</u> and <u>Blakely</u> is subject to a harmless error analysis. <u>Galindez</u>, 955 So. 2d at 524.

**The Conflict Issue**

Plott filed a motion to correct illegal sentence pursuant to rule 3.800(a), requesting relief under <u>Apprendi</u> and <u>Blakely</u>. <u>Plott</u>, 86 So. 3d at 517. Similarly, the appellant in <u>Hughes</u> raised a claim of <u>Apprendi</u> in his motion to correct illegal sentence under rule 3.800(a). 826 So. 2d at 1071. In <u>Hughes</u>, the First District found that "<u>rule 3.800(a) is an appropriate procedural vehicle for raising an</u>

- 8 -

Apprendi claim, since such a violation would produce a sentence in excess of constitutional and statutory maximums and would be apparent from the face of the record." Id. at 1072 (emphasis added).[7] This, of course, expressly and directly conflicts with the district court's decision below which concluded that the claim of Apprendi error was not cognizable under rule 3.800(a). Plott, 86 So. 3d at 519.[8]

In contending that the Court does not have discretion to review Plott, the dissent argues that the "sole issue" in the First District's decision in Hughes was whether Apprendi applied retroactively to final cases and that its statement regarding the propriety of using rule 3.800(a) for Apprendi claims was dicta. Dissent op. at 13. But in our review of the district court's decision in Hughes, we noted that the district court "held, among other things, that Apprendi does not apply retroactively." 901 So. 2d at 839 (emphasis added). Before it concluded that Apprendi was not retroactive, the district court in Hughes necessarily decided the threshold question of whether Apprendi claims were

---

7. We approved the district court's holding in Hughes that Apprendi does not apply retroactively. Hughes, 901 So. 2d at 848. We decline Plott's invitation to recede from our decision in Hughes.

8. We find that Plott failed to demonstrate that the district court's decision below expressly and directly conflicts with our decision in Fleming, in which the latter did not involve rule 3.800(a). See Fleming, 61 So. 3d at 401 ("During the pendency of the belated appeal, Fleming filed a motion under Florida Rule of Criminal Procedure 3.800(b)(2), claiming that his new sentence violated Apprendi and Blakely.").

permitted in a rule 3.800(a) motion. 826 So. 2d at 1072. If it had decided that Apprendi claims could not be raised in a rule 3.800(a) motion, then there would have been no need for the district court to address the retroactivity question. See, e.g., United States v. Tosh, 141 F. Supp. 2d 738, 742 (W.D. Ky. 2001) aff'd, 330 F.3d 836 (6th Cir. 2003) ("[T]he Court concludes that Defendant may use Old Rule 35(a) to challenge the legality of his 1985 sentence. . . . The Court next faces the central issue: whether Apprendi . . . can apply retroactively.").

In resolving this conflict, we hold that upward departure sentences that are unconstitutionally enhanced in violation of Apprendi and Blakely patently fail to comport with constitutional limitations, and consequently, the sentences are illegal under rule 3.800(a). Because claims of error under Apprendi and Blakely are cognizable in a rule 3.800(a) motion, we quash the Second District's decision in Plott and approve the First District's decision in Hughes.

**This Case**

In the instant case, Plott was resentenced under Heggs in 2005. Thus, Apprendi and Blakely were applicable to his resentencing proceeding. Fleming, 61 So. 3d at 405. The record reflects that at resentencing the circuit court imposed upward departure sentences without a jury determining the factual basis for the upward departure. Plott's four life sentences were unconstitutionally enhanced under Apprendi and Blakely. We note that the resentencing scoresheet indicated

- 10 -

that Plott was subject to a maximum prison term of 22.06 years. We conclude that the circuit court erred in denying Plott's rule 3.800(a) motion.[9]

## CONCLUSION

In light of the foregoing, we quash the Second District's decision in Plott and approve the First District's decision in Hughes. We remand to the district court for the application of a harmless error analysis under Galindez, and, if it is determined not to be harmless, to remand the case for resentencing.

It is so ordered.

LABARGA, C.J., and PARIENTE, POLSTON, and PERRY, JJ., concur.
LEWIS, J., concurs in result.
CANADY, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

This Court's conflict jurisdiction under article V, section 3(b)(3) of the Florida Constitution requires that the decision on review "actually 'expressly and directly' conflict[]" with a decision from this Court or another district court. State v. Vickery, 961 So. 2d 309, 312 (Fla. 2007); see Reaves v. State, 485 So. 2d 829, 830 (Fla. 1986) ("Conflict between decisions must be express and direct, i.e., it must appear within the four corners of the majority decision."). That is, the courts

---

9. Because of our resolution of this issue, it is unnecessary for the Court to determine whether Plott's sentences constitute "manifest injustice."

- 11 -

must reach opposite holdings based on the same or closely similar controlling facts. Crossley v. State, 596 So. 2d 447, 449 (Fla. 1992) ("Because the court below in the instant case reached the opposite result on controlling facts which [were substantially] identical, . . . we concluded that a conflict of decisions existed that warranted accepting jurisdiction."). The holdings in Plott v. State, 86 So. 3d 516 (Fla. 2d DCA 2012), and Hughes v. State, 826 So. 2d 1070 (Fla. 1st DCA 2002), do not satisfy this constitutional requirement for the exercise of this Court's jurisdiction.

In Plott, the defendant was resentenced in a post-Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), de novo proceeding during which he did not object to the trial judge's findings supporting the departure sentence imposed. 86 So. 3d at 517. In addition, on direct appeal, he did not argue that the trial court erred by failing to empanel a jury to decide the departure factors. Id. at 518. However, after his new sentence was final, he filed a Florida Rule of Criminal Procedure 3.800(a) motion, alleging that the sentence was illegal under Apprendi and Blakely because a jury did not determine certain sentencing factors. Affirming the denial, the Second District Court held as follows: "Here the error was a procedural error in sentencing that could have been preserved and raised on direct appeal. Thus, it was not cognizable under rule 3.800(a)." Plott, 86 So. 3d at 519. In so holding, the district court relied on this

- 12 -

Court's decision in <u>McGregor v. State</u>, 789 So. 2d 976, 977 (Fla. 2001), which held that an <u>Apprendi</u> error is procedural in nature and must be preserved for review.

The First District Court in <u>Hughes</u> resolved a wholly different legal issue. Hughes's conviction and sentence were final before <u>Apprendi</u> issued. 826 So. 2d at 1072. Unlike Plott, he was not resentenced post-<u>Apprendi</u>. Nevertheless in 2001, Hughes filed a rule 3.800(a) motion alleging that his sentence was illegal under <u>Apprendi</u>, which he argued applied retroactively to his pre-<u>Apprendi</u> sentence. <u>Id.</u> The First District "h[e]ld that the decision announced in <u>Apprendi</u> is not of sufficient magnitude to be fundamentally significant, and thus, does not warrant retroactive status." 826 So. 2d at 1075. Accordingly, the district court affirmed the trial court's summary denial of Hughes's motion but certified the question of <u>Apprendi</u>'s retroactivity to this Court. <u>Id.</u>

Plainly, the district courts did not address the same question of law based on the same controlling facts and did not reach contrary holdings. Whether an <u>Apprendi</u> claim that was waived during sentencing or resentencing may nevertheless be raised via rule 3.800(a) was not at issue in the First District's <u>Hughes</u> opinion. The sole issue was whether <u>Apprendi</u> applied retroactively to final cases. The First District's statement regarding the propriety of using rule 3.800(a) to raise unpreserved claims of <u>Apprendi</u> error is therefore dicta. The

- 13 -

manner in which the court framed its statement concerning the availability of 3.800(a) relief—"We note initially . . . ."—makes clear that the court's statement is merely a passing observation and not a holding on an issue presented for decision. See Hughes, 826 So. 2d at 1072.

In exercising this Court's discretion to review Plott, the majority thus relies on the First District's dicta in Hughes as a basis for implied conflict with Plott. This Court, however, previously made clear that implied conflict does not satisfy the constitutional requirement for express and direct conflict. Dep't of Health & Rehab. Servs., 498 So. 2d 888, 889 (Fla. 1986) (stating that under the revised state constitution "inherent or so called 'implied' conflict may no longer serve as a basis for this Court's jurisdiction"). The alleged conflict cases do not have similar controlling facts, and the courts did not reach opposite holdings on the same issue. Because this Court does not have discretion to review Plott, I dissent.


Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

    Second District - Case No. 2D10-5719

    (Manatee County)

Robert Buschel of Buschel Gibbons, P.A., Fort Lauderdale, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Robert Jay Krauss, Bureau Chief, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, Florida,

for Respondent