CANADY, J.,
dissenting.
This Court’s conflict jurisdiction under article V, section 3(b)(3) of the Florida Constitution requires that the decision on *96 review “actually ‘expressly and directly1 conflict[ ]” with a decision from this Court or another district court. State v. Vickery, 961 So.2d 309, 312 (Fla.2007); see Reaves v. State, 485 So.2d 829, 830 (Fla.1986) (“Conflict between decisions must be express and direct, i.e., it must appear within the four corners of the majority decision.”). That is, the courts must reach opposite holdings based on the same or closely similar controlling facts. Crossley v. State, 596 So.2d 447, 449 (Fla.1992) (“Because the court below in the instant case reached the opposite result on controlling facts which [were substantially] identical, ... we concluded that a conflict of decisions existed that warranted accepting jurisdiction.”). The holdings in Plott v. State, 86 So.3d 516 (Fla. 2d DCA 2012), and Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002), do not satisfy this constitutional requirement for the exercise of this Court’s jurisdiction.
In Plott, the defendant was resentenced in a post-Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), de novo proceeding during which he did not object to the trial judge’s findings supporting the departure sentence imposed. 86 So.3d at 517. In addition, on direct appeal, he did not argue that the trial court erred by failing to empanel a jury to decide the departure factors. Id. at 518. However, after his new sentence was final, he filed a Florida Rule of Criminal Procedure 3.800(a) motion, alleging that the sentence was illegal under Ap-prendi and Blakely because a jury did not determine certain sentencing factors. Affirming the denial, the Second District Court held as follows: “Here the error was a procedural error in sentencing that could have been preserved and raised on direct appeal. Thus, it was not cognizable under rule 3.800(a).” Plott, 86 So.3d at 519. In so holding, the district court relied on this Court’s decision in McGregor v. State, 789 So.2d 976, 977 (Fla.2001), which held that an Apprendi error is procedural in nature and must be preserved for review.
The First District Court in Hughes resolved a wholly different legal issue. Hughes’s conviction and sentence were final before Apprendi issued. 826 So.2d at 1072. Unlike Plott, he was not resen-tenced post-Apprendi. Nevertheless in 2001, Hughes filed a rule 3.800(a) motion alleging that his sentence was illegal under Apprendi, which he argued applied retroactively to his pre-Apprendi sentence. Id. The First District “h[e]ld that the decision announced in Apprendi is not of sufficient magnitude to be fundamentally significant, and thus, does not warrant retroactive status.” 826 So.2d at 1075. Accordingly, the district court affirmed the trial court’s summary denial of Hughes’s motion but certified the question of Apprendi’s retro-activity to this Court. Id.
Plainly, the district courts did not address the same question of law based on the same controlling facts and did not reach contrary holdings. Whether an Ap-prendi claim that was waived during sentencing or resentencing may nevertheless be raised via rule 3.800(a) was not at issue in the First District’s Hughes opinion. The sole issue was whether Apprendi applied retroactively to final cases. The First District’s statement regarding the propriety of using rule 3.800(a) to raise unpreserved claims of Apprendi error is therefore dicta. The manner in which the court framed its statement concerning the availability of 3.800(a) relief — “We note initially....”— makes clear that the court’s statement is merely a passing observation and not a holding on an issue presented for decision. See Hughes, 826 So.2d at 1072.
*97 In exercising this Court’s discretion to review Plott, the majority thus relies on the First District’s dicta in Hughes as a basis for implied conflict with Plott. This Court, however, previously made clear that implied conflict does not satisfy the constitutional requirement for express and direct conflict. Dep’t of Health & Rehab. Servs., 498 So.2d 888, 889 (Fla.1986) (stating that under the revised state constitution “inherent or so called ‘implied’ conflict may no longer serve as a basis for this Court’s jurisdiction”). The alleged conflict cases do not have similar controlling facts, and the courts did not reach opposite holdings on the same issue. Because this Court does not have discretion to review Plott, I dissent.