NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM J. PLOTT,                           )
                                            )
            Appellant,                      )
                                            )
v.                                          )       Case No. 2D10-5719
                                            )
STATE OF FLORIDA,                           )
                                            )
            Appellee.                       )
_____)

Opinion filed May 1, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Janette Dunnigan,
Judge.

William J. Plott, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Ronald Napolitano,
Assistant Attorney General, Tampa,
for Appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT

ALTENBERND, Judge.

           This matter is on remand from the Florida Supreme Court following its

decision in Plott v. State, 148 So. 3d 90, 95 (Fla. 2014) (Plott II), which quashed Plott v.

State, 86 So. 3d 516 (Fla. 2d DCA 2012) (Plott I).  Pursuant to the supreme court's

instructions, we have applied the harmless error analysis of Galindez v. State, 955 So.

2d 517, 523-24 (Fla. 2007), and we hold that the error was harmless.  Accordingly, the

postconviction court's summary denial of William J. Plott's motion under Florida Rule of Criminal Procedure 3.800(a) is affirmed.

After a 1997 jury trial, Mr. Plott was convicted of four armed sexual batteries. At sentencing, the trial court departed from the 1995 guidelines, which called for a maximum sentence of 22.06 years in prison, and imposed four life sentences, finding that the crimes were committed in an extraordinarily cruel, egregious, and wicked manner.[1]

Mr. Plott was resentenced on June 5, 2005, after obtaining collateral relief on the ground that the 1995 guidelines were declared unconstitutional in Heggs v. State, 759 So. 2d 620 (Fla. 2000). The trial court again departed from the guidelines and imposed a life sentence for each sexual battery.[2] Section 921.0016(3)(b), Florida Statutes (1993), provides that a departure sentence is permissible if the offense is found to be "one of violence and . . . committed in a manner that was especially heinous, atrocious, or cruel."[3] Citing specific transcript pages, the trial judge found:

> After picking up the victim, [Mr. Plott] showed her a gun and threatened her. At the first location he punched her in the face with his fist so hard that it knocked her out of the jeep to the ground. He continued to hit her . . . .

---

[1]At his first sentencing, Mr. Plott's attorney emphasized that "we never said that she wasn't horribly, horrendously and heinously attacked or that this wasn't a horrible crime. Our defense has always been an ID defense." The defense attorney's comment was part of an argument concerning how many points Mr. Plott scored under the applicable guidelines.

[2]Mr. Plott appealed his resentencing, 2D05-2598, and this court per curiam affirmed. Plott v. State, 940 So. 2d 432 (Fla. 2d DCA 2006).

[3]Because the offenses were committed in July 1996, the 1994 guidelines applied to Mr. Plott's resentencing.

In addition, he pressed his forearm to the throat where she could not breathe and was seeing stars . . . .

He committed extremely rough anal sex on her the first time . . . . He then drove her to another area and committed, had her commit oral sex upon him, in a rough and threatening manner . . . .

At the second location he again anally and vaginally raped her. He hit her in the head again, even though she had asked him to please not hurt her . . . .

After committing those sexual batteries, again he straddled her in the vehicle, yanked her head back, placed the gun in her mouth to the point where she was gagging . . . He in addition threatened her with a knife . . . .

Mr. Plott filed a rule 3.800(a) motion to correct illegal sentence, challenging his resentencing under the United States Supreme Court's rulings in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). In our opinion affirming the denial of relief, Plott I, 86 So. 3d at 517, we observed that the Apprendi/Blakely issue was discussed at the resentencing, and the trial judge concluded that she was not required to empanel a new jury for the resentencing proceeding. Noting also that Mr. Plott could have raised this claim on his direct appeal but did not do so, we held that the error, if any, was an error in the sentencing process that could not be reached in this collateral proceeding. Id. at 518-19. Mr. Plott petitioned for review in the Florida Supreme Court, which quashed our decision and held that Apprendi and Blakely claims are cognizable in a rule 3.800(a) motion. Plott II, 148 So. 3d at 91. But errors of this type are subject to a harmless error analysis, id. (citing Galindez, 955 So. 2d at 517), and the supreme court remanded for us to apply the Galindez harmless error analysis to this case. We conclude that the error was harmless.

Reviewing Mr. Plott's Apprendi/Blakely claim for harmless error requires this court to decide "whether the record demonstrates beyond a reasonable doubt that a rational jury would have found" that the offense was one of violence and committed in a manner that was especially heinous, atrocious, or cruel. See Galindez, 955 So. 2d at 523; § 921.0016(3)(b). Because the record in this summary postconviction appeal did not include a transcript, in order to comply with the supreme court's mandate, we ordered the circuit court clerk to supplement the summary record with the trial transcript. Cf. Morrow v. State, 104 So. 3d 1226, 1226-27 (Fla. 1st DCA 2012) ("[W]ithout the entire trial transcript, we are unable to meaningfully review the trial court's determination that the Apprendi/Blakely violation was harmless."). Having examined the relevant transcripts and documents, we hold that the record demonstrates beyond a reasonable doubt that a rational jury would have found that the offense was one of violence and was committed in a manner that was especially heinous, atrocious, or cruel. Indeed, even if Mr. Plott's constitutional right to trial by jury required this court to find beyond a reasonable doubt that no rational jury would have found in favor of Mr. Plott on this question of fact, we would reach the same conclusion. Thus, Mr. Plott's life sentences are not illegal, and we affirm the postconviction court's order denying his rule 3.800(a) motion.

Affirmed.

KHOUZAM and MORRIS, JJ., Concur.