NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| TROLIS KIRBY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D12-1080 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed July 10, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Beth Harlan, Judge.

Trolis Kirby, pro se.

ON REMAND FROM THE SUPREME COURT OF FLORIDA

CASANUEVA, Judge.

This court cited Plott v. State, 86 So. 3d 516 (Fla. 2d DCA 2012) (Plott I),

when we per curiam affirmed in a citation-only opinion, the postconviction court's denial

of Trolis Kirby's motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a).

Kirby v. State, 100 So. 3d 693 (Fla. 2d DCA 2012) (table decision). In Plott I, we held

the defendant's claim that his upward-departure sentence imposed on resentencing

violated the dictates of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v.

Washington, 542 U.S. 296 (2004), constituted an error in the sentencing process and

was not cognizable in a rule 3.800(a) motion.  Plott I, 86 So. 3d at 518-19.  However, the supreme court later quashed this court's opinion in Plott I and held that Mr. Plott's claim that his sentences were unconstitutionally enhanced without a factual finding by a jury was cognizable in a rule 3.800(a) motion.  Plott v. State, 148 So. 3d 90, 95 (Fla. 2014) (Plott II).  Furthermore, the supreme court instructed this court to perform a harmless error analysis on remand.  Id.  Based upon this court's citation to Plott I in the per curiam opinion, Mr. Kirby successfully sought review in the supreme court, which remanded for this court to reconsider this case in light of Plott II.  Kirby v. State, 163 So. 3d 510 (Fla. 2015) (table decision).  However, as explained below, the citation to Plott I was superfluous to this court's decision, and we again affirm.

Mr. Kirby was charged with, convicted of, and sentenced to life in prison for a life felony in contravention of section 794.011(3), Florida Statutes (1999), which required the jury to find—as elements of the offense—that he committed sexual battery on a person twelve years or older, without the victim's consent, and in the process used or threatened to use a deadly weapon or used actual physical force likely to cause serious personal injury.  In his rule 3.800(a) motion, Mr. Kirby claimed that the lack of a jury finding on the elements of actual physical force or use or threat to use a deadly weapon rendered his sentence illegal under Apprendi, 530 U.S. at 466.  But Mr. Kirby's life sentence was within the statutory maximum for the offense and the jury necessarily found that the State proved the elements of the crime beyond a reasonable doubt, so his sentence is not illegal under Apprendi.

Our citation to Plott I in the Kirby decision was merely meant to inform Mr. Kirby of this court's opinion—now held to be erroneous—that Apprendi errors of the sort

Mr. Kirby claimed existed were not cognizable in a rule 3.800(a) motion. Moreover, we also appropriately cited Shortridge v. State, 884 So. 2d 321 (Fla. 2d DCA 2004), to indicate that Mr. Kirby's challenge was essentially to the proof of the underlying elements of the offense and not to the illegality of the sentence. This is not a case in which the principles of either Apprendi or Plott I are implicated. As stated above, the citation to Plott I was unnecessary and did not constitute the basis for this court's affirmance. Having again reviewed the record on appeal, we hold that the postconviction court properly denied Mr. Kirby's rule 3.800(a) motion, and we affirm.

Affirmed.

NORTHCUTT and SILBERMAN,[1] JJ., Concur.

---

[1]Judge Silberman was substituted for Judge Whatley, who retired while this appeal was on review in the Florida Supreme Court.