NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DONNELL SMITH,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )     Case No. 2D12-2550
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
_____)

Opinion filed July 24, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Richard A. Luce,
Judge.

Donnell Smith, pro se.


ON REMAND FROM THE SUPREME COURT OF FLORIDA


ALTENBERND, Judge.

          In 2013, this court affirmed the postconviction court's summary dismissal

of Donnell Smith's motion filed under Florida Rule of Criminal Procedure 3.800(a) with

an opinion that merely cited to several precedents.  Smith v. State, 110 So. 3d 458 (Fla.

2d DCA 2013) (table).  Among the citations, we cited Plott v. State, 86 So. 3d 516 (Fla.

2d DCA 2012) (Plott I).  Plott I was subsequently quashed by the Supreme Court of

Florida in Plott v. State, 148 So. 3d 90, 95 (Fla. 2014) (Plott II).  Based on the citation to

Plott I in our affirmance, Mr. Smith successfully sought review in the supreme court. That court quashed our decision and remanded the case for reconsideration in light of Plott II. Smith v. State, 163 So. 3d 513 (Fla. 2015) (table). Plott II requires the district court to perform a harmless error analysis on review of a postconviction order when the postconviction court fails to grant relief that may be available under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). However, as we explain in this opinion, the citation to Plott I, although intended to assist Mr. Smith in understanding this court's ruling, was not actually a necessary precedent to support that ruling. Accordingly, we once again affirm.

In 1998, Mr. Smith entered guilty pleas to five offenses that he committed within a little over a week's time in September 1997: one count of robbery with a deadly weapon, one count of attempted robbery with a deadly weapon, one count of robbery with a weapon, and two counts of robbery. Although he was originally sentenced as a habitual violent felony offender, Mr. Smith filed a successful motion to correct illegal sentence under rule 3.800(a) in 2009. The trial court held a resentencing hearing in 2009 and departed from the guidelines on two grounds. The trial court sentenced Mr. Smith to concurrent 30-year prison terms for robbery with a deadly weapon and robbery with a weapon and to concurrent 20.25-year terms for the remaining offenses.

Mr. Smith appealed his resentencing. During the pendency of the appeal, he filed a motion to correct sentencing error under rule 3.800(b)(2), contending that the new sentences were illegal because they were based on facts that Mr. Smith had not admitted and were not found by a jury. After conducting a hearing, the trial court denied relief, finding that departure from the guidelines was justified based solely on the fact

that Mr. Smith entered a plea admitting that he committed five offenses, one of which was a level 4 offense, within a 180-day period. § 921.0016(3)(c), Fla. Stat. (1995). The trial court decided that its other original departure reason—that Mr. Smith had used a ten-year-old child as an accomplice to some of his crimes—was unnecessary to support its departure sentence. See § 921.001(6) ("When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.").[1] The trial court concluded that because a valid basis for upward departure existed based solely on the timing and severity of the offenses to which Mr. Smith had pleaded and for which he was resentenced, no jury findings were required to justify the departure sentences. Mr. Smith's attorney filed an Anders[2] brief asserting that his examination of the record revealed no issues of arguable merit, and this court affirmed. Smith v. State, 81 So. 3d 428 (Fla. 2d DCA 2012) (table).

In April 2012, Mr. Smith filed a motion under rule 3.800(a), again contending that his sentences violated the proscriptions of Apprendi and Blakely and again alleging that the trial court unconstitutionally increased his sentence beyond the guidelines maximum based on its own determination of facts by a preponderance of the evidence rather than by a jury's findings beyond a reasonable doubt. The postconviction court, citing State v. McBride, 848 So. 2d 287, 290-92 (Fla. 2003),

---

[1]Section 921.001 was repealed effective October 1, 1998, but it remains in force with respect to offenses committed before October 1, 1998. Ch. 97-194, § 1, at 3674, Laws of Fla.

[2]386 U.S. 738 (1967).

dismissed the motion as successive to Mr. Smith's prior rule 3.800(b)(2) motion, which raised the same claim that was denied on the merits and affirmed on appeal.

When the appeal of the denial of Mr. Smith's rule 3.800(a) motion arrived in this court in 2012, we had recently decided Plott I, 86 So. 3d at 519, in which we held that any Apprendi/Blakely error in that particular case was a procedural error in the resentencing process that could have been preserved and raised on direct review and could not be reached in a collateral rule 3.800(a) proceeding. For this reason, and in an attempt to be informative, we cited Plott I when we issued our citation-only affirmance in Mr. Smith's case. As mentioned above, the supreme court quashed Plott I. However, the citation to Plott I was unnecessary as support for our decision, and we again affirm the dismissal of Mr. Smith's rule 3.800(a) motion.

At the outset, we note that Mr. Smith's motion was successive under McBride, 848 So. 2d at 290-92. Implicit in the postconviction court's order was a finding that applying collateral estoppel to Mr. Smith's successive motion would not result in a manifest injustice that could be determined from the face of the record. See id. at 292. We agree with that determination, and the dismissal of Mr. Smith's rule 3.800(a) motion could have been affirmed solely on that ground.

Moreover, to the extent that Mr. Smith was not procedurally barred from again raising this Apprendi/Blakely issue, his claim has no merit. Here, Mr. Smith entered a guilty plea to and was later resentenced for multiple offenses that were committed within a 180-day period and one of which was a level 4 or higher offense. Mr. Smith did not contest the factual bases for his convictions at his resentencing, and the trial court later clarified that it would have departed from the guidelines maximum

solely based upon the statutory aggravator permitting departure for that reason. § 921.0016(3).

"When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Blakely, 542 U.S. at 310 (citing Apprendi, 530 U.S. at 488). In Galindez v. State, 955 So. 2d 517, 523 n.2 (Fla. 2007), the supreme court explained that for Apprendi/Blakely purposes, admitted facts are "facts the defendant admits in a guilty plea." By entering a plea to the offenses upon which departure was based and by raising no objection to the factual bases, the defendant necessarily admitted the ground for this particular reason for departure—which consisted solely of the existence of the convictions and timing of the offenses. The facts underlying the convictions themselves were not considered. Accordingly, the Apprendi/Blakely requirement for a jury to find a justification for departure from the guidelines beyond a reasonable doubt was not triggered, and this court's citation to Plott I, a true Apprendi case, was simply superfluous.

Having once again examined the record on appeal in this case as well as Mr. Smith's direct appeal of his resentencing, we again affirm the postconviction court's dismissal of Mr. Smith's motion to correct illegal sentence.

Affirmed.


NORTHCUTT and WALLACE, JJ., Concur.