# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-3233
LT Case No. 2010-CF-08065-A

———————————————

GERALD BROWN,

　　Appellant,

　　v.

STATE OF FLORIDA,

　　Appellee.

———————————————

3.800 Appeal from the Circuit Court for Duval County.
Mark Jeffrey Borello, Judge.

Gerald Brown, Lake City, pro se.

No Appearance for Appellee.

May 30, 2025

EISNAUGLE, J.

　　Gerald Brown appeals the postconviction court's dismissal of his Florida Rule of Criminal Procedure 3.800(a) motion in which—relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *Alleyne v. United States*, 570 U.S. 99 (2013); and *Erlinger v. United States*, 602 U.S. 821 (2024)—he argued his Habitual Felony Offender ("HFO") sentences are illegal because the trial court, and not the jury, made the requisite factual findings. In dismissing the motion, the

postconviction court reasoned, inter alia, that (1) Brown's *Apprendi* challenge to his HFO sentences "is not the kind of issue that Rule 3.800(a) motions are intended to resolve," and (2) *Erlinger* does not apply retroactively. Given the nature of the postconviction court's analysis and disposition, it did not attach records to the order. We reverse.

While we are sympathetic to the postconviction court's view that Brown's *Apprendi* challenge is an odd fit for rule 3.800(a), our supreme court's decision in *Plott v. State*, 148 So. 3d 90, 95 (Fla. 2014), concludes that claims of *Apprendi* error are indeed cognizable in a rule 3.800(a) motion. We are, of course, bound by *Plott*, as is the postconviction court.

Moreover, the postconviction court's unelaborated statement that *Erlinger* is not retroactive misses the mark because, for one, Brown did not rely on *Erlinger* alone. He relied on *Apprendi* and its progeny which happens to include *Erlinger*. Importantly, Brown's sentence became final long after *Apprendi* and *Blakely* were decided. At a minimum, we fail to see how *Apprendi* and *Blakely* would require retroactive application.[1]

Finally, given the postconviction court did not attach any records to its order, our record is insufficient for us to conduct a harmless error analysis, *Galindez v. State*, 955 So. 2d 517, 522–23 (Fla. 2007), or to determine if Brown's *Apprendi* argument was preserved, *McGregor v. State*, 789 So. 2d 976, 977 (Fla. 2001). We therefore reverse and remand to the postconviction court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

WALLIS and LAMBERT, JJ., concur.

---

[1] For this reason, we need not decide if *Erlinger* announces a new rule, and if it does, whether it requires retroactive application. *See Witt v. State*, 387 So. 2d 922, 926 (Fla. 1980).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____