# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1360
Lower Tribunal No. F22-6128
_____

**Courtney M. Moore,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Robert T. Watson, Judges.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed. See Flournoy v. State, No. 2D2024-1491, 2025 WL 1819262, at *2 (Fla. 2d DCA July 2, 2025) (holding potential Erlinger[1] error harmless because "[i]t [was] undisputed that the State read Flournoy's prior record at the sentencing hearing and that Flournoy's certified department of corrections packet, which detail[ed] all of his prior offenses and release dates, was filed below and [was] contained in [the] record"; "Flournoy did not dispute his prior record or release dates at sentencing"; "[a]nd defense counsel conceded at sentencing that Flournoy qualified for the PRR enhancement"); Jackson v. State, 410 So. 3d 4, 11 (Fla. 4th DCA 2025) (finding Erlinger error but concluding it "was harmless beyond a reasonable doubt" because the State "introduced evidence of the convictions, their dates, the dates of release from prison, and the fact that appellant had not been pardoned or any convictions set aside"; "[a]n examination of the qualifying felonies showed that none were convictions pursuant to section 893.13, Florida Statutes"; "[the] [a]ppellant did not object to any of the State's evidence, did not introduce any contrary evidence, and made no argument against the application of the HFO enhancement"); see also Plott v. State, 148 So. 3d 90, 94 (Fla. 2014) ("A claim of error under Apprendi[2] and

_____

[1] Erlinger v. United States, 602 U.S. 821 (2024).
[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

2

Blakely[3] is subject to a harmless error analysis."); cf. Erlinger, 602 U.S. at 850 (Roberts, C.J., concurring) ("[V]iolations of th[e] right [to have a jury determine beyond a reasonable doubt whether a defendant's predicate offenses were committed on different occasions under the ACCA] are subject to harmless error review.").

---

[3] Blakely v. Washington, 542 U.S. 296 (2004).