# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-3158
_____

DALTON REID JETT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Stephen S. Everett, Judge.

December 10, 2025

PER CURIAM.

Dalton Reid Jett appeals his judgment and sentence for burglary of a dwelling and grand theft. We affirm and write only to address his claim that his sentence as a prison releasee reoffender ("PRR") is unconstitutional. Jett contends that the trial court committed *Alleyne** error by making the factual

---

\* *Alleyne v. United States*, 570 U.S. 99, 114–15 (2013) (reaffirming that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily

determination necessary to establish his PRR status—specifically, that he committed the burglary within three years of his release from a prior term of imprisonment. Even if error occurred, we are satisfied that it was harmless beyond a reasonable doubt.

"A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred . . . ." § 924.051(3), Fla. Stat. The error alleged here is harmless if the record establishes beyond a reasonable doubt that "a rational jury," if properly instructed, "would have found" the fact necessary to qualify Jett for the sentencing enhancement. *See State v. Manago*, 375 So. 3d 190, 199 (Fla. 2023) (quoting *Williams v. State*, 242 So. 3d 280, 290 (Fla. 2018) (setting forth the harmless error test for *Alleyne* violations)). In applying this standard, we consider "the weight of the evidence in the record, including credibility concerns, and any conflicting evidence" that bears on the fact in question. *Manago*, 375 So. 3d at 199.

On this record, there can be no reasonable doubt that Jett qualified as a PRR. The State introduced a certified copy of the Department of Corrections Crime and Time Report, referred to by the prosecutor and trial court as the "penitentiary packet" or "pen pack." That document showed that Jett was released from prison less than one month before committing the burglary in this case. The State's fingerprint analysis expert testified that the fingerprints on the pen pack matched Jett's fingerprints, and the expert's supervisor independently reviewed and verified the match.

Based on the uncontroverted evidence, any error in not submitting the PRR determination to a jury was harmless beyond a reasonable doubt. *See Hicks v. State*, 50 Fla. L. Weekly D2238a (Fla. 1st DCA Oct. 15, 2025); *Dowdell v. State*, 50 Fla. L. Weekly D2236c (Fla. 1st DCA Oct. 15, 2025); *McGlaun v. State*, 50 Fla. L. Weekly D2178a (Fla. 1st DCA Oct. 1, 2025); *see also Neder v. U.S.*, 527 U.S. 1, 19 (1999) ("[W]here a defendant did not, and apparently could not, bring forth facts contesting the omitted

forms a constituent part of a new offense and must be submitted to the jury").

2

element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee.").

AFFIRMED.

ROWE and RAY, JJ., concur; TANENBAUM, J., concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

TANENBAUM, J., concurring.

There are several bases for us to affirm, including the one set out in the majority opinion. The more straightforward of them, however, would have been that the asserted error was not properly preserved by the defendant's rule 3.800 motion. Yet the supreme court's decision in *Plott v. State*, 148 So. 3d 90 (Fla. 2014) says to the contrary. Under the analysis set out by Judge Winokur's concurring opinion in *Hicks v. State*, No. 1D2024-1300, 2025 WL 2921590, at *1 (Fla. 1st DCA Oct. 15, 2025), a so-called *Apprendi* error (or for that matter, an *Alleyne* or *Erlinger* error) nevertheless is a sentencing process error that must be preserved *contemporaneously* at sentencing—failing which, its consideration only could be under an authorized fundamental-error analysis. *Cf. Jackson v. State*, 983 So. 2d 562, 574 (Fla. 2008). I agree with Judge Winokur's analysis on that point, and like him, hope that the supreme court conclusively addresses the viability of *Plott* in its review of *Maye v. State*, 368 So. 3d 531 (Fla. 6th DCA 2023), *rev. granted*, No. SC2023-1184, 2024 WL 1796831 (Fla. Apr. 25, 2024)—especially in the face of its earlier (and arguably conflicting) holding in *Jackson*. *Jackson*, in the end, better reflects the history and purpose behind the court's adoption of that rule in 1996. *See Emerson v. State*, 412 So. 3d 917, 932–36 (Fla. 1st DCA 2025) (Tanenbaum, J., concurring) (treating *Jackson* and describing how the rule's adoption was primarily to ensure that a

3

defendant had at least one opportunity to preserve a claimed error in the sentence itself (rather than the process producing the sentence)).

———————————————

Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.